**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ROBERT J. HEATON; BRIDGETTE HEATON,<br><br>　　　　Debtors,<br><br>────────────────<br><br>THE BANK OF NEW YORK MELLON, as Trustee, FKA Bank of New York,<br><br>　　　　Appellant,<br><br>　v.<br><br>SFR INVESTMENTS POOL 1, LLC; et al.,<br><br>　　　　Appellees. | No.　16-60010<br><br>BAP No. 15-1346<br><br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Kurtz, and Dunn, Bankruptcy Judges, Presiding

Submitted September 11, 2017[**]
San Francisco, California

─────────────

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and WATFORD, Circuit Judges, and SANDS,[***] Senior District Judge.

The Bankruptcy Appellate Panel properly dismissed Bank of New York Mellon's (BNYM) appeal from the bankruptcy court's order retroactively annulling the automatic stay. Creditors and lienholders lack "independent standing to appeal an adverse decision regarding a violation of the automatic stay." *In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991). Assuming the bankruptcy court's order directly and adversely affected BNYM's pecuniary interests, BNYM nonetheless lacks standing to appeal because it is a lienholder.

BNYM's reliance on *In re Goodman*, 991 F.2d 613 (9th Cir. 1993), is misplaced. There, the court held that corporate entities are not eligible to recover damages for willful violations of an automatic stay. *Id*. at 618–20. As a corporate creditor, BNYM would not be eligible to seek damages for willful stay violations under *Goodman*. The court in *Goodman* did state that non-corporate creditors would be eligible to pursue such claims. *Id*. at 618. That statement is dictum, however, because it was not necessary for the court's holding. And to the extent it conflicts with *Pecan Groves*' holding that creditors lack standing to challenge violations of the automatic stay, *Pecan Groves* of course controls.

---

[***] The Honorable W. Louis Sands, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

Case: 16-60010, 09/13/2017, ID: 10579125, DktEntry: 44-1, Page 3 of 3

Page 3 of 3

BNYM's policy arguments, offered in support of its claim that creditors should have standing to protect their own interests, are unavailing. The court in *Pecan Groves* considered and rejected the very arguments that BNYM now advances. 951 F.2d at 245. As a three-judge panel, we are not free to revisit those arguments here.

Finally, contrary to BNYM's contention, *Pecan Groves* is not factually or procedurally distinguishable. The court's conclusion that the appellants lacked standing turned on their status as creditors or lienholders, not the fact that they acquired their secured interest after the stay violation occurred. *Id*. Because BNYM is a lienholder, *Pecan Groves* controls.

**AFFIRMED.**